■ In the Matter of the Estate of ANDREW D. KIRWAN, Deceased. ANNE DUBONNET, Appellant; DAVID WEISBERG et al., Respondents.—Decree, Surrogate's Court, New York County, entered February 13, 1976, after a jury trial, which admitted the will of decedent to probate and revoked preliminary letters testamentary, unanimously affirmed, without costs and without disbursements. A reading of the Surrogate's charge to the jury warrants the

conclusion that it was not tainted with error on the question of the mental capacity of the decedent as urged by the objectant-appellant. Further, a psychiatrist testified to statements made to him by decedent on June 5 and June 6, 1972 pertaining to a conversation between decedent and his stepbrother. The stepbrother's endeavor to testify with respect to these statements made by decedent was barred by the Surrogate pursuant to the Dead Man's Statute (CPLR 4519). This ruling was proper as the psychiatrist's testimony did not open the door to the stepbrother, an interested party, to so testify under the statute (CPLR 4519; *Matter of Callister,* 153 NY 294, 306-307; Richardson, Evidence [10th ed], § 403). On this record and in the absence of a sufficient showing of reversible error, it is concluded that the decedent's will was properly admitted to probate. Concur—Murphy, J. P., Lupiano, Silverman, Capozzoli and Nunez, JJ.